**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Courtney Ray Mitchell, Employee, Appellant,

v.

United Parcel Service, Employer, and Liberty Corporation, Carrier, Respondents.

Appellate Case No. 2019-001361

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2022-UP-110
Submitted February 1, 2022 – Filed March 16, 2022

**AFFIRMED**

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellant.

Helen F. Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, and O. Shayne Williams, of McAngus Goudelock & Courie, LLC, of Myrtle Beach, both for Respondents.

**PER CURIAM:** Courtney Ray Mitchell appeals the Workers' Compensation Commission's (the Commission's) denial of his motion to reinstate his appeal. On

appeal, Mitchell argues he timely filed his brief; thus, the Commission should not have dismissed his claim.  We affirm.

We find Mitchell's appellate brief was due to the Commission by May 13, 2019, because the original deadline was Sunday, May 12, 2019.  *See* S.C. Code Ann. Regs. 67-209(B) (2012) (stating a brief is due on the following Monday if its original due date is a Sunday and the following Monday is not a state or federal holiday).  On May 23, 2019, the Commission dismissed Mitchell's appeal because he failed to file his brief.  Mitchell filed a motion to reinstate; however, he did not include an exhibit of the brief he alleged he mailed on May 13, show proof of a certificate of service dated on or before May 13, or argue any other justification for why he missed the filing deadline.  Thus, we find the Commission did not err in denying Mitchell's motion to reinstate because Mitchell did not prove he filed his appellate brief and he did not offer any justification for why he missed the filing deadline.  *See Liberty Mut. Ins. Co. v. S.C. Second Injury Fund*, 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct. App. 2005) ("Under the scope of review established in the [Administrative Procedures Act], [an appellate court] may not substitute its judgment for that of the [C]ommission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law."); S.C. Code Ann. Regs. 67-705(B) (2012) ("The appellant shall file the brief and proof of service on the opposing party with the Commission's Judicial Department according to [R. 67-205] on or before the date on the Form 31."); S.C. Code Ann. Regs. 67-205(E) (Supp. 2021) (providing appellate briefs "are deemed filed on the date on the accompanying *certificate of service* properly addressed to the Commission" (emphasis added)).[1]

**AFFIRMED.**[2]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] To the extent Mitchell argues his brief was timely filed because he mailed it on the day it was due, we find this argument is meritless because appellate briefs in the Commission are deemed filed on the date listed on the accompanying certificate of service rather than the date mailed.  *Compare* R. 67-205(E) (stating an appellate brief is deemed filed based on the date on the accompanying certificate of service), *with* R. 67-205(B) (stating first class mail is filed on the date it is received and stamped by the Commission with the exception of documents delivered pursuant to R. 67-205(E)).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.